CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 08, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, | ) |
| Plaintiff, | ) Civil Action No. 7:21cv00641 |
| v. | ) **MEMORANDUM OPINION** |
| B. HURLEY, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| Defendants. | )         United States District Judge |

Plaintiff Karsten O. Allen, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging the defendants filed a false disciplinary charge against him as retaliation, denied him due process at a disciplinary hearing, and subjected him to cruel and unusual living conditions while he was housed at Keen Mountain Correctional Center ("Keen Mountain").

The defendants moved for summary judgment, arguing that Allen failed to exhaust administrative remedies as to his claims and that, in any event, his allegations failed to state viable due process or living conditions claims. (ECF Nos. 15 & 16.) On March 14, 2023, the court granted the defendants' motion for summary judgment, concluding that Allen's allegations did not implicate a due process right, that the defendants were nevertheless entitled to qualified immunity on the due process claims, and that Allen failed to exhaust available administrative remedies before filing the action as to his retaliation and living conditions claims. (*See* ECF Nos. 24 & 25.) In ruling on the defendants' motion for summary judgment, the court noted that although Allen referenced an affidavit in his response in opposition to

the motion for summary judgment, none of his filings (other than his initial complaint) was verified. (ECF No. 25 at FN 9.)

After the case was closed, Allen filed a motion for reconsideration asking the court to reopen the case. (ECF No. 27.) In support of his motion, Allen stated that although he intended to send an affidavit with his response to the motion for summary judgment, the verification either was not received by the court or the Clerk's Office mistakenly failed to docket it. Attached to his motion, Allen resubmitted his response in opposition to the defendants' motion for summary judgment, but this time he verified it. (ECF No. 27-1.) He also submitted an affidavit. (ECF No. 29.) In reviewing his submissions, the court concluded that, although nothing in his now-verified response or affidavit would change the court's decision as to Allen's due process claims, his verified submissions would create a material dispute of fact as to the availability of administrative remedies concerning Allen's retaliation and living-conditions claims. (ECF No. 42.) Accordingly, the court granted Allen's motion, reopened the action only as to these two claims, and referred the matter to the Hon. Pamela Meade Sargent, United States Magistrate Judge, to conduct an evidentiary hearing to determine whether the established grievance procedures were available to Allen. (*Id.*)

Judge Sargent conducted an evidentiary hearing on April 29, 2024, and on June 11, 2024, she filed a report and recommendation, finding that Keen Mountain's established grievance procedure was "available" to Allen regarding his claims, he was not prevented from using the procedure by the actions of prison staff, and he failed to fully exhaust his administrative remedies as to the remaining claims in the action. (*See* ECF No. 57 at 17−18.)

Judge Sargent thus recommended that the court enter judgment in the defendants' favor based on Allen's failure to exhaust his available administrative remedies prior to filing suit. (*Id.*)

When a matter is referred to a magistrate judge for a report and recommendation, the parties may "serve and file specific, written objections" to the magistrate judge's proposed findings and recommendations within 14 days. 28 U.S.C. § 636(b)(1)(C). A district court must review *de novo* any part of a report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). But a district court is not required to review any issue *de novo* when no party objects. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Rather, a district court reviews any part of a report and recommendation not properly objected to for clear error only. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Clear error means that a court, after "reviewing . . . the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see FTC v. Ross*, 743 F.3d 886, 894 (4th Cir. 2014) (noting a factual finding based on the resolution of conflicting evidence is entitled to deference under the clear error standard).

Here, the time to file objections has passed and no party has objected to the Magistrate Judge's report and recommendation. Having reviewed the record, the court is satisfied that

there is no "clear error" in the report and recommendation. Accordingly, the court will adopt the report and recommendation and enter judgment in favor of defendants.

The Clerk is directed send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 8th day of July, 2024.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE