CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 07, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, | ) |
| Plaintiff, | ) Case No. 7:21-cv-00641 |
| v. | ) **MEMORANDUM OPINION** |
| B. HURLEY, *et al.*, | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

Plaintiff Karsten O. Allen, a Virginia inmate proceeding *pro se*, brought this case under 42 U.S.C. § 1983 against several correctional officers at Keen Mountain Correctional Center ("Keen Mountain"), alleging that they have violated his rights by filing false disciplinary charges against him, denying him due process at the hearings on those charges, and subjecting him to cruel and unusual living conditions. The court granted summary judgment but, at Allen's request, reopened the case and accepted an affidavit he claims submitted in opposition to the motion for summary judgment but was lost in the mail. After considering Allen's affidavit, the court found that there was a dispute of material fact regarding whether Allen had exhausted his administrative remedies prior to filing suit, so the court referred the matter to a magistrate judge for an evidentiary hearing.

In a thorough Report and Recommendation ("R&R"), the magistrate judge concluded that administrative remedies were available to Allen and that he had failed to exhaust him. Allen was given the opportunity to file objections, but he failed to do so. Accordingly, the court adopted the R&R and dismissed this action again.

Allen has now filed two motions claiming that he tried to mail objections to the R&R, but that his efforts were thwarted by officers at Wallens Ridge State Prison ("Wallens Ridge"), where he is currently housed. (*See* ECF Nos. 60 & 61.) He asks that the court (1) order the mailroom at Wallens Ridge to mail his objections and (2) reopen this case again.

Allen's motion for reconsideration was filed within 28 days of the court's order granting adopting the R&R and granting summary judgment,[1] so it is properly considered under Rule 59(e) of the Federal Rules of Civil Procedure. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992)); *Cross v. Fleet Res. Ass'n Pension Plan*, No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sep. 14, 2010). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1988). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The rule "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). The purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

---

[1] The court's order was entered on July 8, 2024. (ECF No. 59.) Ten days later, the court received Allen's motion for a court order (ECF No. 60), and four days after that, it received his motion for reconsideration (ECF No. 61).

The court is skeptical of Allen's allegations against the mailroom staff,[2] but out of an abundance of caution and with an eye towards the court's preference to decide issues on the merits rather than technicalities, *see, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."), and to prevent the injustice of having Allen's case dismissed if his efforts to prosecute his case were thwarted by malevolent state actors, the court will grant Allen's request to reopen this case and give him **14** days to file his objections. If he fails to do so, this case will be dismissed.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 7th day of August, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Allen says he submitted his request for an order to the mailroom staff on July 7, 2024 (*see* ECF No. 60 at 3), one day *before* the court entered an opinion and order dismissing the case based on his failure to object (*see* Order, July 8, 2024 [ECF No. 59]). Apparently, Allen was able to discern that the mailroom refused to mail his objections before the court entered an order that would have informed him that his objections were never received by the court. Even more bizarrely, Allen claims the mailroom refused to mail his objections, but they willingly mailed two pleadings accusing them of constitutional violations. It is also worth noting that, while Allen attests that he submitted the request for mailing on July 7, the mailroom stamped it received on July 16 and it was received by the court two days later. (*See* ECF No. 60 at 4.)