CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 19, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KARSTEN O. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21-cv-00641 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B. HURLEY, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Despite a fraught procedural history,[1] this case is before the court on several motions filed by Plaintiff Karsten O. Allen ("Plaintiff"). Plaintiff filed suit against numerous Virginia Department of Corrections ("VDOC") officers, alleging various violations of his constitutional rights. The defendants asserted that Plaintiff had not exhausted his administrative remedies with regard to his claims in this action, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The court referred this matter to Magistrate Judge Pamela Meade Sargent for an evidentiary hearing and preparation of a report and recommendation ("R&R") on this determinative issue.[2]

---

[1] In a prior order, the court noted several anomalies related to Plaintiff's mailings. In his response, Plaintiff identified the reasons that the dates of mailings suggested that he was misleading the court when, in fact, he avers that the mailroom is obstructing his efforts to prosecute this action. The court appreciates Plaintiff's clarification of the process for mailing, and especially his explanation of how he can know when mailings have been delayed (*i.e.*, by comparing the funds withdrawal request with the stamped date of mailing). And Plaintiff (rightly) notes that, if his mailings are being delayed, held, or destroyed, such actions would impede his access to the courts, and he is (rightly) upset that the court has not taken any action to curb these alleged abuses. But these unnamed mailroom personnel are not before the court, and the court has very little at its disposal *in this case* to punish individuals who are not a party to this action and are not before the court. If Plaintiff's rights have been or are being violated at his present institution, he should avail himself of the grievance process to address those abuses. He may then seek redress in a separate civil action.

[2] Just this past term, the Supreme Court held that an inmate is entitled to have a jury determine whether administrative remedies were available to him "when that dispute is intertwined with the merits of the

After hearing the testimony of several individuals and reviewing the complete evidentiary record, Judge Sargent concluded that the administrative remedies at Allen's facility *were* available to him and recommended that the court dismiss this action under 42 U.S.C. § 1997e(a). Notably, Judge Sargent stated, "There is no dispute in this case that Allen did not fully exhaust his administrative remedies regarding his retaliation and conditions claims against the defendants." (Report and Recommendation ("R&R") at 15 [ECF No. 57].) Although Plaintiff argued that his claims were *not* grievable under the applicable administrative procedures, Judge Sargent concluded otherwise. (*See id.* at 15–16; *see also* Mem. Op. at 11, Mar. 14, 2023 [ECF No. 24] ("There is no dispute that Allen's retaliation and living conditions complaints are subject to the well-established requirements of OP 866.1").)

Once Judge Sargent filed her R&R, Allen had 14 days in which to file objections to it, *see* 28 U.S.C. § 636(b)(1)(C); he failed to do so. Accordingly, the court adopted the R&R and dismissed this case on July 8, 2024. (*See* Order, July 8, 2024 [ECF No. 59].) Shortly thereafter, Allen filed a motion asking that the court reconsider its dismissal, which the court granted. (ECF No. 63.) The court reopened the case, and Allen filed objections to the R&R, along with a motion to deem those objections timely filed. (ECF Nos. 65–68.) The court will grant that request and review the objections on their merits.

---

underlying suit." *Perttu v. Richards*, No. 23-1324, slip op. at 1–2 (June 18, 2025). Obviously neither party had the benefit of the Supreme Court's ruling when appearing before Judge Sargent. But even if they had, the court is satisfied that Allen's underlying suit—which alleges claims related to an allegedly false disciplinary charge, alleged due process violations in the subsequent disciplinary hearing, and allegations of cruel and unusual punishment (*see generally* Compl. ¶¶ 26–40 [ECF No. 1])—is not intertwined with the question of whether Plaintiff exhausted his administrative remedies. And even if it were, there is no material factual dispute regarding Plaintiff's exhaustion that would compel submission of that question to a jury. *See* Fed. R. Civ. P. 56.

When a matter is referred to a magistrate judge for a report and recommendation, the parties may "serve and file specific, written objections" to the magistrate judge's proposed findings and recommendations within 14 days. 28 U.S.C. § 636(b)(1)(C). A district court must review *de novo* any part of a report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). But a district court is not required to review any issue *de novo* when no party objects. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Rather, a district court reviews any part of a report and recommendation not properly objected to for clear error only. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Clear error means that a court, after "reviewing . . . the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see FTC v. Ross*, 743 F.3d 886, 894 (4th Cir. 2014) (noting a factual finding based on the resolution of conflicting evidence is entitled to deference under the clear error standard).

In a nutshell, Allen claimed that he filed a regular grievance on November 9, 2020, regarding the remaining claims in this action, but that VDOC officials never responded to it. Under VDOC regulations, a non-response is treated as a constructive denial of the grievance or appeal, authorizing in the inmate to proceed to the next stage of review. But although Allen sought information from various officials regarding his grievance, he never filed a proper appeal of the constructive denial.

Allen makes three primary objections, but none addresses Judge Sargent's operative findings. First, he objects "to the magistrate judge's characterization of Plaintiff's December

- 3 -

31, 2020 letter to the Ombudsman Services Unit regarding the non-response to his grievance as an 'appeal' for the purposes of analysing [*sic*] exhaustion." (Pl.'s Obj. at 1 [ECF No. 66].) This argument is simply incompatible with the facts. As Judge Sargent accurately pointed out, Allen *himself* characterized that letter as "my attempt to exhaust the administrative remedies available to me." (R&R p. 6 [ECF No. 57]; ECF 54-1.) Allen's post-hoc characterization of this letter as anything other than an attempt to appeal gets no traction in this court.[3]

Second, Allen "objects to the magistrate judge's findings that Plaintiff's administrative remedies were available." (*Id.* at 3.) Again, the facts belie this argument. Clearly, Allen attempted to appeal by writing a letter to the Ombudsman and, as Judge Sargent pointed out, that attempted appeal was untimely. Because his November 9, 2020 grievance was deemed denied as of December 9 (because, as Allen contends, he never received a response), he was obliged to appeal that denial within 5 days. *See* OP 866.1(VI)(D)(6) ("The offender should be allowed 5 calendar days upon receipt of a response to appeal to the next level, if such appeal is available."); OP 866.1(VI)(D)(5) ("Expiration of a time limit . . . at any stage of the process shall be considered a denial and shall qualify the grievance for appeal to the next level of review.").) But his letter to the Ombudsman wasn't sent until December 31 and wasn't received in that office until January 19, 2021. That appeal was untimely, and therefore Allen failed to exhaust his administrative remedies.

For his final objection, Allen "objects to the magistrate judge's recommendations that the court enter judgment in favor of Defendants based on Plaintiff's failure to exhaust

---

[3] It also is not lost on the court that any appeal of the denial of his grievance should have been directed to the Facility Unit Head at Keen Mountain, not the VDOC Regional Ombudsman. (*See* OP 866.1(VI)(C)(1).)

administrative remedies." (Pl.'s Obj. at 4.) Because Allen's failure to exhaust administrative remedies *requires* that judgment be entered for defendants, this objection is overruled as well. *Cf. Porter v. Nussle*, 534 U.S. 516, 524 (2002) (noting that exhaustion is "mandatory").

Because Allen has not shown that administrative remedies were unavailable to him, he was not relieved from his obligation to exhaust those remedies. Accordingly, Judge Sargent's R&R will be adopted, and judgment will be entered for Defendants.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 19th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE