CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KARSTEN O. ALLEN,            )
                             )
        Plaintiff,           )        Case No. 7:21-cv-00641
                             )
v.                           )        **MEMORANDUM OPINION**
                             )
B. HURLEY, *et al.*,         )        By:    Hon. Thomas T. Cullen
                             )               United States District Judge
        Defendants.          )

Plaintiff Karsten O. Allen, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several Virginia Department of Corrections ("VDOC") employees, alleging various violations of his constitutional rights.[1] (*See* Compl. [ECF No. 1].) At summary judgment, Defendants argued that Plaintiff failed to exhaust administrative remedies regarding some of his claims, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. (*See* ECF No. 16.) In response, the court referred this matter to Magistrate Judge Pamela Meade Sargent for an evidentiary hearing and preparation of a report and recommendation ("R&R") on the exhaustion issue. (*See* ECF No. 42.) After hearing testimony from several individuals and reviewing the evidentiary record, Judge Sargent issued her R&R (ECF No. 57) wherein she concluded that, although grievance procedures were available to Plaintiff, he "did not fully exhaust his administrative remedies regarding [the applicable claims] against the [D]efendants." (*Id.* at 15.) Plaintiff filed objections to the R&R (ECF Nos. 65, 66) but the court overruled them, adopted the R&R, and entered judgment for Defendants. (ECF Nos. 80, 81.)

---

[1] As the court previously noted, this case has a "fraught procedural history." (ECF No. 80 at 1.) For simplicity's sake, the court will only outline the case's procedural history as is necessary to address the motions currently pending before the court.

Now before the court is Plaintiff's motion to vacate pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 86) Plaintiff claims that newly discovered evidence warrants vacatur of the court's prior order entering judgment in Defendants' favor on the exhaustion issue. (*See id.*) Defendants filed a response in opposition (ECF No. 88), Plaintiff filed a reply (ECF No. 90),[2] and the motion to vacate is ripe for review. For the following reasons, the court will deny the motion.

## I.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal quotation marks and citation omitted). The Fourth Circuit applies a two-part test. "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense [or claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023) (citing *Dowell*, 993 F.2d at 48), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024).

Allen asserts that he is entitled to relief under Rule 60(b)(2). (*See* ECF No. 86 at 1.) Under this provision, a party may move for relief from a judgment or order based on "newly

---

[2] Plaintiff also filed a motion to deem his reply as timely filed (ECF No. 89), which remains pending. In support of this motion, Plaintiff claims that he did not receive a copy of Defendants' response in time to file a timely reply. (*See id.*). Thus, for good cause shown and in the absence of an opposition from Defendants, the court will grant Plaintiff's motion to deem his reply as timely filed without further analysis.

discovered evidence that, with reasonable diligence, could not have been discovered in time

to move for a new trial under Rule 56(b)." Fed. R. Civ. P. 60(b)(2). This rule "is aimed at

correcting an erroneous judgment stemming from the unobtainability of evidence." *Clayton v.*

*Ameriquest Mortg. Co.*, 388 F. Supp. 2d 601, 609 (M.D.N.C. 2005). Consequently, a party moving

for relief under Rule 60(b)(2) "must show that the missing evidence was 'of such a material

and controlling nature as [would] probably [have] changed the outcome.'" *Id.* (quoting *Schultz*

*v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994)) (bracketing in original).

The disposition of a Rule 60(b) motion "is a matter which lies largely within the

discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383

F.2d 249, 251 (4th Cir. 1967). Appellate courts review such rulings for abuse of discretion.

*Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).

## II.    ANALYSIS

This matter concerns events that occurred in 2020 while Allen was incarcerated at the

Keen Mountain Correctional Center ("Keen Mountain") in Oakwood, Virginia. (*See* ECF No.

57.) As the court previously noted, Allen claimed that he filed a regular grievance on

November 9, 2020, regarding his claims at issue, but that VDOC officials never responded to

it. (ECF No. 80 at 3.) In her R&R, Judge Sargent determined that under the VDOC's then-

effective Operating Procedure ("OP") 866.1, "expiration of the time limit (including any

authorized continuances) without issuance of a response at any stage of the [grievance] process

automatically qualifies the grievance for appeal." (ECF No. 57 at 11, 13.) Judge Sargent further

determined that,

> [e]ven if the court credits Allen's testimony, the undisputed
> evidence is that he did not fully exhaust his administrative
> remedies, in that he did not timely appeal his Grievance. Pursuant

to OP 866.1, the Warden of Keen Mountain had 30 days to respond to Allen's Regular Grievance. If Allen filed the Grievance on November 9, the Warden had until December 9, 2020, to respond. When Allen did not receive a response within the required time period, the Grievance was considered denied and could have been appealed. That appeal should have been filed within five calendar days of the expiration of the 30-day response period, which would have been December 14, 2020. Allen admitted that he did not file what he categorized as an appeal until December 31, 2020.

(*Id.* at 15–16.)

In the instant motion, Allen argues that newly discovered evidence casts doubt on Judge Sargent's exhaustion determination. (ECF No. 86.) In support, Allen alleges that in September 2025, he submitted a regular grievance concerning the denial of "legal copies" at the Sussex I State Prison ("Sussex") in Waverly, Virginia, where Allen was incarcerated. (*Id.* at 1; *see also* ECF 86-1 at 2.) When he did not receive a response within 30 days, Allen attempted to appeal the constructive denial of his grievance by writing a letter to the regional ombudsman requesting that he "confirm . . . [Allen's] administrative remedies have been exhausted." (*Id.*; ECF No. 86-1 at 1.) In response, the regional ombudsman wrote a letter to Allen advising him of a "backlog" of unprocessed grievances at Sussex caused by a "staff shortage" there. (ECF No. 86-1 at 2.) The regional ombudsman also advised Allen to wait until he received a response to his regular grievance before filing any appeal. (*Id.*) According to Allen, these circumstances show that the court erred when holding that Allen should have "writ[ten] a letter to the next stage of the grievance process" when he did not receive a response to his 2020 grievance. (ECF 86 at 1.) He also claims that the regional ombudsman's letter shows that "the VDOC allows an inmate to appeal a non-response beyond the [five]-day limit," and that the court's holding to the contrary was "in error." (*Id.* at 2.)

- 4 -

As noted, relief pursuant to Rule 60(b)(2) is only warranted where the movant proffers new evidence "of such a material and controlling nature as [would] probably [have] changed the outcome" of the case. *Clayton*, 388 F. Supp. 2d at 609. But the evidence Allen cites— including the regional ombudsman's letter—does not satisfy this standard. Allen claims that he attempted to comply with the court's prior order in appealing his 2025 grievance but was advised by the regional ombudsman to wait until he received a response to appeal. But this, standing alone, does not undermine the court's prior exhaustion determination. For one, the mere fact that the regional ombudsman advised Allen to wait until he received a response to appeal does not mean that the court's exhaustion determination was erroneous.[3] Moreover, this case involved Allen's failure to exhaust administrative remedies in 2020 while incarcerated at Keen Mountain, but Allen's supposed new evidence concerns his attempt to appeal a constructive denial of a grievance he filed in 2025 while incarcerated at Sussex. But apart from claiming to have filed grievances and appeals in both, Allen has not shown that these situations were similar. Without more, the court cannot say that Allen would have encountered the same issue of which he now complains had he timely appealed his 2020 grievance. Finally, that the VDOC has apparently consented to Allen appealing the non-response to his 2025 grievance beyond the five-day period has no bearing on whether Allen could have done so in 2020. As Allen has failed to proffer new evidence likely to change the outcome of this case, his motion to vacate will be denied.[4]

---

[3] The court takes no position as to whether Allen exhausted administrative remedies by mailing his letter to the regional ombudsman.

[4] In addition to outlining his new evidence, Allen uses his motion and reply to take issue with the court's prior exhaustion determination. (*See* ECF Nos. 86, 90.) But in so doing, Allen appears to reraise his objections to the R&R and/or arguments he previously made. (*See id.*) This is improper, as "Rule 60(b) does not authorize reconsideration of legal issues already addressed in an earlier ruling." *Luther v. Wells Fargo Bank*, Nos. 4:11-cv-

### III.    CONCLUSION

For the reasons stated above, the court will grant Plaintiff's motion to deem his reply as timely filed and deny Plaintiff's motion to vacate.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 23rd day of June, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

00057, 4:13-cv-00072, 2016 WL 613006, at *2 (W.D. Va. Feb. 11, 2016) (citing *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).